UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| WEST LUMBER, LLC, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 4:09-cv-52 |
| v. | ) | |
| | ) | Judge Mattice |
| BURKE-PARSONS-BOWLBY, | ) | |
| CORPORATION and STELLA | ) | |
| JONES, INC. | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Presently before the Court is Defendants' Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint [Court Doc. 16] and Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15], both filed on May 12, 2010. Plaintiff filed a response to the Motion to Strike Count 4 and to Dismiss Count 5 on July 13, 2010 [Court Doc. 18], but this document, as it was uploaded, contained a copy of its Response to Defendants' Motion to Dismiss [Court Doc. 10]. After this was brought to Plaintiff's attention at the scheduling conference on October 28, 2010, and with Defendants' consent, Plaintiff submitted the correct copy of its response to Defendants' Motion to Strike Count 4 and to Dismiss Count 5 [Court Doc. 25].

For the reasons stated below, Defendants' Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint [Court Doc. 16] will be **GRANTED IN PART and DENIED IN PART**. Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15] will be **DENIED**.

## I. FACTUAL BACKGROUND

On April 1, 2009, Plaintiff filed the instant action against Defendants in the Chancery Court of Franklin County, Tennessee. [Court Doc. 1, Defs.' Notice of Removal, ¶1.] Defendants removed the action to this Court on May 20, 2009. (*Id.*) On that same day, Defendants also filed a Motion to Dismiss, or Alternatively, For a More Definite Statement. [Court Doc. 2.] Plaintiff amended its complaint on October 9, 2009 [Court Doc. 5], in response to which Defendants filed another Motion to Dismiss on November 18, 2009 [Court Doc. 9].

On March 22, 2010, the Court entered an order denying as moot the first motion to dismiss [Court Doc. 2], granting in part and denying in part the second motion to dismiss [Court Doc. 9], and ordering Plaintiff to file an amended complaint no later than April 15, 2010. [Court Doc. 11] Of the original five counts alleged in Plaintiff's Amended Complaint, Counts One through Three survived the motions to dismiss, and Count Four (Negligence) was dismissed with prejudice. (*Id.* at 7, 9, 13.) As to Count Five (Negligent Misrepresentation), the Court noted that Plaintiff "has not alleged that the Defendants failed to exercise reasonable care in obtaining or communicating the information to the Plaintiff," but also noted that "[t]his pleading deficiency can be remedied, however, by amending the Amended Complaint to include a more definite statement of facts to support this allegation." (*Id.* at 10.)

Plaintiff filed its Second Amended Complaint [Court Doc. 12] on April 9, 2010, reasserting the previously-dismissed Count Four Negligence claim and adding additional language to the Count Five Negligent Misrepresentation claim. In response to the Second

Amended Complaint, Defendants filed their Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint [Court Doc. 16] and Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15] on May 12, 2010. In those motions, Defendants alleged that Plaintiff's reassertion of Count 4 (negligence) is "contrary to the Court's Order, and [thus] should be stricken," and that Count 5 (negligent misrepresentation) "fails to comply with the Court's Order" because Plaintiff failed to "allege a more definite statement of facts to support the proposition that Stella Jones allegedly failed to exercise reasonable care," as required by the Court's order. (Court Doc. 16, Defs.' Mots. to Strike & Dismiss, ¶¶ 9, 13-14.)

Plaintiff filed a response[1] in which it noted that, although it had reasserted Count Four (negligence), the day after the Second Amended Complaint was filed Plaintiff's counsel sent Defendants' counsel an agreed order involuntarily dismissing the negligence claim, but Defendants' counsel instead moved to strike the count. [Court Doc. 25, Pl.'s Respon. to Defs.' Mots. to Strike & Dismiss, ¶ 2] As to Count Five (negligent misrepresentation), Plaintiff argued that the facts and allegations it added to paragraph 20 of the Second Amended Complaint directly addressed the Court's concerns in its March 22, 2010 Order. [Court Doc. 11] Finally, at the scheduling conference, Plaintiff's counsel

---

[1] As noted above, Plaintiff filed its Response to Defendants' Motion to Strike and to Dismiss [Court Doc. 18] on July 13, 2010, but the document Plaintiff uploaded to the electronic case filing system was actually a patchwork of filings, with a correctly-dated certificate of service and a proposed order seeming to relate to Defendants' Motion to Strike and to Dismiss [Court Doc. 18, 8; Court Doc. 18-1, Proposed Order], but a copy of Plaintiff's Response to Defendants' Motion to Dismiss, or Alternatively, for a More Definite Statement and Incorporated Supporting Memorandum [Court Doc. 10] where the actual text of the response should be. After the Court brought the error to counsels' attention–neither Plaintiff's nor Defendants' counsel was aware of the error until the October 28, 2010 scheduling conference–Plaintiff, with Defendants' leave, re-filed the correct copy of its response in opposition to Defendants' Motion to Strike and Dismiss [Court Doc. 25], though that version lacked both a dated certificate of service and the proposed order. Thus, the Court will consider the response outlined in Court Doc. 25 and the proposed order filed as Court Doc. 18-1 as Plaintiff's "Response to Defendants' Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint."

conceded it had not filed a response to the Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15].

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense is typically asserted as a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct,"

which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The United States Court of Appeals for the Sixth Circuit has held that "the action of striking a pleading should be sparingly used by the courts," because "[i]t is a drastic remedy to be resorted to only when . . . the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). Importantly, "a motion to strike is an inappropriate procedural mechanism to challenge an allegation in a complaint that is not 'redundant, immaterial, impertinent, or scandalous' . . . [on the grounds that the applicable law] does not entitle Plaintiff to certain relief that he seeks in his complaint," and such requests for relief are not "immaterial" within the meaning of 12(f) by virtue of being unavailable legally because "those allegations only lack materiality if the Court first holds that Plaintiff is not entitled to the relief sought therein." *Deluca v. Michigan*, No. 06-12552, 2007 WL 1500331, at *1 & n.1 (E.D. Mich. May 23, 2007) (quoting from 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 390-91 (3d. ed. 2004)).

Because "substance rather than form is the determining factor in application of the Rules," where movant appears to be making an argument more appropriately brought in

a different form, the courts, "if justice so requires, shall treat the pleading as if there had been a proper designation." *In re Watauga Steam Laundry*, 7 F.R.D. 657, 659 (D.C. Tenn. 1947) (internal citations and quotation marks omitted). Motions to strike are frequently confused with, and therefore better construed as, the other defenses and objections outlined in Fed. R. Civ. P. 12, most often motions to dismiss pursuant to Rule 12(b)(6) or motions for a more definite statement pursuant to Rule 12(e). *See, e.g.*, *Id.* at 659 ("A motion to strike under Rule 12(f) has been treated as a motion to dismiss under Rule 12(b)(6)"); *Deluca*, 2007 WL 1500331, at *1 (finding that a motion to strike was "more properly construed as a motion to dismiss pursuant to Rule 12(b)(6)").

## III. ANALYSIS

The Court will consider the Motions to Strike first, and then the Motion to Dismiss.

### A. Motion to Strike Count 4 of Plaintiff's Second Amended Complaint

Although Defendant does not make any allegations or a showing as to why Count 4 of Plaintiff's Second Amended Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f) as containing "redundant, immaterial, impertinent, or scandalous matter," courts have found the resubmission of previously-dismissed counts to be immaterial. *See, e.g.*, *Paul M. Harrod Co. v. A. B. Dick Co.*, 194 F. Supp. 502, 504 (D.C. Ohio 1961). *C.f., Andrews v. Prudential Sec., Inc.*, 160 F.3d 304, 307 (6th Cir. 1998) (dismissing, rather than striking, previously dismissed counts reasserted in an amended complaint.) In this case, Plaintiff clearly and quickly recognized its error in resubmitting the previously-dismissed count, as evidenced by its next-day delivery to Defendant of an agreed order that reflected the previous dismissal and again dismissed Count 4. (Court Doc. 25, Pl.'s Respon. to Defs.'

Mots. to Strike & Dismiss, ¶ 2; Court Doc. 18-1, Proposed Agreed Order.) Therefore, there is no debate that the negligence claim asserted in Count 4 of the Second Amended Complaint is no longer at issue, and Defendant's Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint will be **GRANTED IN PART** as to the Motion to Strike Count 4.

B.  **Motion to Strike Plaintiff's Demand for Attorneys' Fees**

In its Motion to Strike Plaintiff's Demand for Attorneys' Fees, Defendants argue that because attorneys' fees are authorized only by contract or statute, and because Plaintiff did not allege such authorization by pointing to a particular contractual or statutory provision, the demand should be struck. Although Plaintiff did not file a response to Defendants' motion to strike the demand for attorneys' fees, a motion cannot be granted simply because it is unopposed. *See*, *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir.1998) (reversing the dismissal of a case after the nonmovant failed to oppose a motion for summary judgment because the district court did not consider the merits of the underlying motion and the "movant must always bear this initial burden regardless if an adverse party fails to respond.") (quoting *Carver v. Bunch*, 946 F.2d 451, 452 (6th Cir.1991)). In this case, Defendants have failed to carry that burden.

As in the motion to strike Count 4, Defendants have failed to articulate which of the bases outlined in Fed. R. Civ. P. 12(f) support their motion. Defendants have made no allegation that the demand for attorneys' fees is "redundant, immaterial, impertinent, or scandalous" or that it is an insufficient defense. Rather, their argument turns on Plaintiff's "failure to allege the existence of a contractual or statutory provision which would authorize

an award of attorneys' fees in this action." (Court Doc. 15, Defs.' Mot. to Strike Pl.'s Demand for Attorneys' Fees ¶ 4.)

Defendant is correct that "[u]nder Tennessee law, a party is not entitled to recover attorneys' fees unless authorized by contract or statute." (*Id*. at ¶ 3) (citing *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009)). There is almost no precedent in the Sixth Circuit, however, on whether the failure to allege the particular statutory or contractual basis for a demand for attorneys' fees requires that demand to be struck pursuant to 12(f).[2] Courts outside this circuit that have considered the issue are split, but tend to err on the side of denying a motion to strike particular demands as premature,[3]

---

[2] Only handful of cases in the Sixth Circuit address the issue at all, and those that do involve statutory, not contractual, claims. For instance, the court in *Rashid v. Communications Workers of Am., AFL-CIO, et al.*, No. 3:04-cv-291, 2005 WL 1038852, at *6-7 (S.D. Ohio May 4, 2005), somewhat addressed this issue in that it analyzed Plaintiff's entitlement to certain types of damages according to the claims pled and then granted a motion to strike certain demands from the complaint. In so doing, the district court found that Plaintiff had neither "set forth facts in his Complaint that support a [statutory basis or cause for an] exception to the American Rule," nor "brought a breach-of-contract claim against his employer which might result in damages against the Defendants in the form of attorneys' fees."

The *Rashid* court made clear that it was able to decide the motions to strike, in part, because there were no contractual allegations at issue, as there are in this case. Because the remedies available for statutory claims are usually specifically prescribed in the same statute, requests for remedies in statutory cases seem to be more susceptible to the pleading deficiencies that compel a court to find that the remedies requested have "no possible relation to the" causes of action alleged. *See, e.g.*, *Abbott Labs. v. Thermo Chem, Inc.*, 790 F. Supp. 135, 142 (W.D. Mich. 1991) (striking a request for attorney fees in a private cost recovery action as unavailable under CERCLA); *Smith v. Oppenheimer & Co., Inc.*, 635 F. Supp. 936, 943-44 (W.D. Mich. 1985) (federal securities laws); *Evanoff v. The Std. Fire Ins. Co., et al.*, No. 1:07-cv-631, 2007 WL 1577744, at *4 (N.D. Ohio May 29, 2007) (NFIA); and *Burns v. Principi, et al.*, No. 3:04-0410, 2005 WL 1638733, at *10 (M.D. Tenn. July 6, 2005) (ADEA). *But see*, *Williams v. Abx Air, Inc.*, No. 1:06-cv-833, 2007 WL 2886283, at *7 (S.D. Ohio, Sept. 27, 2007) (in a case brought pursuant to the Railway Labor Act, denying a motion to strike a request for attorneys' fees as "premature at this juncture" where "the Sixth Circuit permits attorney's fees based upon bad faith occurring during the course of the litigation," even if it "does not allow an award of attorney's fees based solely upon the underlying [statutory] claim").

[3] *See, e.g., Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 908 (N.D. Ill. 2006) (denying a motion to strike because "[a]t this early stage of the litigation, the Court cannot determine as a definitive matter that fees and costs are wholly unavailable," even though in Illinois, as in Tennessee, attorneys' fees are recoverable only where authorized by contract or statute.)

as unsupported by a sufficient showing of prejudice,[4] or as a different motion improperly brought as motions to strike.[5]

Just as in *Deluca* and *Whittlestone*, Defendants' motion, though labeled a motion to strike, actually argues that Plaintiff is not entitled to certain relief that it seeks in its complaint. Thus Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15] is more properly construed as a different motion, in this case a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

The Sixth Circuit has held that "[c]laims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)," and that absent "allegations that the pleader is entitled to attorney's fees . . . such fees cannot be awarded." *In re American Cas. Co.*, 851 F.2d 794, 802 (6th Cir. 1988). The purpose of Rule 9(g) "is to avoid unfair surprise on the part of the defendant and to give adequate notice of any unusual claim for damages," because such damages "although resulting from the wrongful act, are not usually associated with the claim in question and must be plead in order to avoid unfair surprise to the defendant." *Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1034 (E.D. Tenn. 2007) (citing *Hardcastle v. Harris*, 170 S.W.3d 67

---

[4] *Kubiak et al. v. Med. Staffing Network, Inc.*, No. 07-cv-14261-DT, 2008 WL 65335 (E.D. Mich. Jan. 4, 2008) (holding that, even though "[t]he court is of the view that the complaint's passing request for attorneys' fees is unnecessary," the demand need not be stricken because "while Plaintiffs' request is unlikely to be successful, its insignificance will not cause Defendant prejudice.")

[5] The Ninth Circuit recently recognized that moving to strike particular requests for relief as precluded as a matter of law is "really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [Plaintiff] as to those portions of the suit," which are "actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th. 2010). In *Whittlestone*, the Ninth Circuit held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law," because any other reading would create redundancies in the Federal Rules of Civil Procedure. *Id.* at 974-75. In addition, the Ninth Circuit went on to conduct the 12(b)(6) analysis, just as the court in *Deluca* did. *Id.* at 975, n.2.

(Tenn. Ct. App. 2004) and quoting *Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 923 n.10 (8th Cir. 2004)).

In this case, Plaintiff has specifically pled its request for attorneys' fees, but because Plaintiff did not specify the basis upon which it seeks attorneys' fees, the demand for attorneys' fees, as alleged in the Second Amended Complaint, does not give Defendants adequate notice as to the contours of the claim. Though Defendants objected to this deficiency by asserting the demand should be struck, the motion contains only general allegations and does not argue that the demand for attorneys' fees constituted either "an insufficient defense" or a "redundant, immaterial, impertinent, or scandalous matter," the only material that can be struck pursuant to Fed. R. Civ. P. 12(f).

Further, although Plaintiff has not alleged any statutory claims that would entitle it to attorneys' fees, the exact contours of the contractual relationship between the parties–including whether that relationship included a right to seek attorneys' fees should a conflict arise–are unclear at this very early stage in the litigation. Therefore, Defendants have not shown that the "pleading to be stricken has no possible relation to the controversy," and thus they fail to carry their burden pursuant to Rule 12(f). *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953).

Although Defendants fail to satisfy the requirements for a motion to strike, they do demonstrate that Plaintiff's request for attorneys' fees is deficiently pled in that it fails to give them adequate notice of the contours of the special damages sought. In such cases, construing the motion to strike as one for a more definite statement is appropriate, and courts direct the deficient party to file an amendment curing the deficiency. *See, e.g.*, *Strick Corp. v. Penn Yan Exp., Inc.*, 62 F.R.D. 4, 5 (E.D. Pa.1974) ("Since defendant's allegations

of fraud are not immaterial to a claim sounding in tort, we do not believe it appropriate to strike that averment at this phase of the litigation. However, the counterclaim does not allege the elements of fraud with the specificity required by Rule 9(b), Federal Rules of Civil Procedure. We shall consider the motion to strike as one for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, and shall grant leave to defendant to amend his pleadings.") Therefore, the Court **WILL CONSTRUE** the motion to strike Plaintiff's request of attorneys' fees as one for a more definite statement pursuant to Rule 12(e)[6] and Plaintiff will be **ORDERED** to amend the complaint to specify the precise basis upon which it is entitled to attorneys' fees.

### C. Motion to Dismiss Count 5 of Plaintiff's Second Amended Complaint

In the Court's March 22, 2010 Memorandum and Order, the Court found that Count 5 of Plaintiff's Amended Complaint was pled deficiently in that Plaintiff had not "alleged that the Defendants failed to exercise reasonable care in obtaining or communicating the information to the Plaintiff," and ordered Plaintiff to file a Second Amended Complaint that remedied that pleading deficiency. [Court Doc. 11, March 22, 2010 Order, 10] Defendants now argue that, although "West Lumber alleged Stella Jones failed to exercise reasonable care in purportedly obtaining or communicating certain information to West Lumber," it "has

---

[6] Since this case is analogous to *Deluca* and *Whittlestone* in that Defendants' motion to strike is really arguing that Plaintiff is not entitled to certain relief that it seeks in its complaint, the Court could construe it as a motion to dismiss pursuant to Rule 12(b)(6). But, even if the Court were to find that Defendants, through their relatively bare motion to strike, met their burden of proving that Plaintiff failed to state a claim upon which relief could be granted, the remedy would be to permit the Plaintiff to amend the complaint to satisfy the deficiencies highlighted by the motion. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) (holding "when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss") (internal citations and quotation marks omitted). Therefore, the better course of action is to construe it as a motion for a more definite statement.

not, in any respect, set forth a more definite, or any, statement of facts." (Court Doc. 16, Defs.' Mot. to Strike & Dismiss ¶ 16.) Defendants argue that "[c]laims for negligent misrepresentation must be plead with particularity," and that Count 5 "clearly fails to meet this standard." (*Id.* at ¶ 17.) Plaintiff responds that its allegation in paragraph 20 of the Second Amended Complaint–that "[t]he Defendants failed to exercise reasonable care in obtaining or communicating the aforementioned information to the Plaintiff regarding the Defendants' willingness and/or ability to purchase the railroad ties and/or pay the Plaintiff's expenses"–"cured the deficiency" identified in the Court's March 22, 2010 Order. (Court Doc. 25, Pl.'s Respon. to Defs.' Mot. to Strike & Dismiss ¶ 5.)

Plaintiff is correct that it has cured the deficiency identified in the Court's March 22, 2010 Order. Defendants focus solely (and selectively) on the "by amending the Amended Complaint to include a more definite statement of facts to support this allegation," language in the Court's order, while completely ignoring the phrase in context. (Court Doc. 16, Defs.' Mot. to Strike & Dismiss ¶¶ 13, 16.) The context of the quoted language makes clear that the issue with Count 4 (negligent misrepresentation) was a "pleading deficiency" in which "Plaintiff has not alleged that the Defendants failed to exercise reasonable care in obtaining or communicating the information to the Plaintiff." (Court Doc. 11, March 22, 2010 Order, 10.) Plaintiff remedied this deficiency, not only by adding an allegation that Defendants failed to exercise reasonable care in obtaining or communicating the information to the Plaintiff, but also by specifying that such failure was with respect to "Defendants' willingness and/or ability to purchase the railroad ties and/or pay the Plaintiff's expenses." (Court Doc. 12, Second Am. Compl. ¶ 20.) Given the early stage of the case, these additions, especially when coupled with and considered in the context of the factual

allegations in the Second Amended Complaint as a whole, not only satisfy the pleading requirements for a negligent misrepresentation claim, but also flesh out the factual allegations supporting that claim. Therefore, Plaintiff's Count 5 (negligent misrepresentation) states a claim upon which relief can be granted, and Defendants' motion to dismiss Count 5 will be **DENIED**.

IV. **CONCLUSION**

Defendants' Motion to Strike Plaintiff's Demand for Attorneys' Fees [Court Doc. 15] **IS CONSTRUED** as a motion for a more definite statement pursuant to Rule 12(e) and is **GRANTED**. Plaintiff is hereby **ORDERED** to amend the complaint to specify the precise basis upon which it alleges it is entitled to attorneys' fees by **February 1, 2011**.

In order to give Defendants fair notice of their liability for special damages, Plaintiff is **ON NOTICE** that if it fails to amend the complaint to provide a detailed basis for its demand for attorneys' fees by that date, the Court will assume that Plaintiff no longer asserts that it is entitled to that remedy, and the Court **WILL DISMISS** the allegation that it is entitled to attorneys' fees.

For the reasons explained above, Defendants' Motion to Strike Count 4 and to Dismiss Count 5 of Plaintiff's Second Amended Complaint [Court Doc. 16] will be **GRANTED IN PART and DENIED IN PART**. As was previously done in the Court's March 22, 2010 Order [Court Doc. 11], Count 4 is **DISMISSED WITH PREJUDICE** from Plaintiff's Second Amended Complaint and Plaintiff is **ORDERED** to omit it from any further amended complaints.

**SO ORDERED** this 18th day of January, 2011.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE